UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| KRISTA J. BAILEY,<br><br>    Plaintiff,<br><br>V.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br><br>    Defendant. | CIVIL ACTION NO. 5:13-CV-225-KKC<br><br><br>**MEMORANDUM OPINION** |

\*\*\* \*\*\* \*\*\*

On April 1, 2014, the Court entered an Order granting Plaintiff's motion for attorneys' fees, and awarded fees in the amount of $4,950. (DE 19). The Court entered the Order before Plaintiff Krista Bailey entered her reply brief. The Court has considered Bailey's motion and her reply, as well as the Government's response. The Court's Order (DE 19) remains in effect.

Bailey's motion and reply both provide a number of reasons why Bailey's counsel should be awarded an hourly rate of $165 per hour instead of the $125 per hour rate normally awarded. Under 28 U.S.C. § 2412, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." "Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir.). Bailey has not met that burden in the instant case.

The relevant legal community for fee purposes is the community within the court's territorial jurisdiction. *Adcock-Ladd v. Sec. of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). As the Government pointed out in its brief, courts in the Eastern District of Kentucky continue to

award an hourly rate of $125.00 per hour. (DE 18, p. 3). Thus, any evidence of an increased hourly rate in the Ninth Circuit, Oklahoma, or New Mexico is of little relevance in determining an appropriate rate in the Eastern District of Kentucky. (DE 16-6, 16-7).

Bailey has also submitted evidence in an attempt to prove an increase in the cost of living. However, evidence of inflation alone does not provide evidence of how inflation affects this market or Bailey in particular. Inflation affects different markets and different costs in the same market in different ways. *Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011). The $125 per hour rate is a presumptive ceiling in these cases. *Id.*; *Nichols v. Comm'r of Soc. Sec.*, No.1:09-CV-1091, 2012 WL 1189764, at *3 (W.D. Mich. March 19, 2012). If the plaintiff requests higher fees based on inflation, she must show *that inflation has increased the cost of providing adequate legal services to a person seeking relief against the government*. *Astrue*, 653 F.3d at 563; *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (emphasis added). Bailey simply has not made such a showing. Further, while Bailey submitted the average billing rates of attorneys in Louisville and Lexington, that information does not breakdown billing rates by the kind or quality of legal services.[1]

Counsel for Bailey also represents that his own personal skill, experience, and success warrants the Court awarding him a higher hourly rate. (DE 15, p. 5). However, Bailey fails to cite a single case that would support the notion that a being a good attorney qualifies as a "special factor" under the statute to justify going beyond the statutory ceiling.

Bailey's counsel further argues that since social security claimants only win forty-eight percent of the cases appealed, his hourly rate is actually less than half of whatever is awarded.

---

[1] Bailey cites one case from the Eastern District of Kentucky, *Stephens v. Astrue*, No. 09-55-JBC, 2011 WL 2446451 (E.D. Ky. June 17, 2011). In that case, the Court awarded a rate of $165.00 an hour. However, in that case, it appears that more specific evidence was submitted to support an increased hourly rate, whereas the evidence submitted here is more general and therefore does not support such an increase.

However, attorney's fees are only awarded to the "prevailing party." To the extent an appeal is unsuccessful, no such fees are awarded. The statutory fee is not designed to compensate an attorney if he represents a non-prevailing party. As with any fee arrangements based on the success of the litigant, attorneys must be careful to take cases that are legally and factually sound. While the Court has no doubt that Bailey's counsel is skilled, qualified, and in this case, was successful at achieving the desired outcome of his client, the Court cannot find that he has proven a "special factor" warranting a departure from the statutory ceiling, and counsel has not provided the Court with any relevant law to support his arguments.

In support of his motion, Bailey relies on a recent Supreme Court case, *Astrue v. Ratliff*, 560 U.S. 586 (2010), which holds that an award of attorney fees under 18 U.S.C. § 2412(d)(1)(A) is an award to the prevailing litigant, not his attorney. The result is that attorney's fees are subject to federal administrative offset if the claimant has outstanding federal debts. *Id.* at 593. Bailey's counsel argues that his fees will be cut as a result of *Ratliff* but he does not articulate any case law that would support an increase in attorney's fees as a proper manner for providing the relief he seeks. It seems nebulous to award a higher hourly rate in an attempt to offset money a plaintiff may owe to the federal government. After all, what if the plaintiff owed the federal government money in excess of the total award of attorney's fees? Should the Court raise the hourly rate until the attorney would actually realize some of the fee?

The Court finds that Bailey has not proven that an increase in his hourly rate is warranted for this case. The Court further finds the Government's response on the issues to be persuasive. Finally, many of Bailey's arguments are better decided by Congress than the Court. If the statutory ceiling of the hourly rate is truly affected by the *Ratliff* decision, for example, Congress can make such an allowance by creating a higher hourly rate ceiling.

Accordingly, after considering all of the evidence, including Bailey's motion, reply, and exhibits, as well as the Government's response, the Court 's previous Order (DE 20) remains in effect.

This 7th day of April, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY